IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUTBERTO CARRENO CASTANEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-80-M-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Cutberto Carreno Castaneda has filed a motion for certificate of appealability [Dkt. No. 12], a motion to proceed *in forma pauperis* on appeal [Dkt. No. 13], and a motion for summary judgment [Dkt. No. 14] in this 28 U.S.C. § 2254 proceeding.[1] This habeas petition, which challenges Petitioner's 1998 conviction for unlawful possession with intent to deliver heroin, case no. F98-52229, is still pending before the Court. Petitioner has already paid the $5 filing fee. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are not required at this time. Accordingly, Petitioner's motion for certificate of appealability [Dkt. No. 12] and motion to proceed *in forma pauperis* on appeal [Dkt. No. 13] should be denied.

As grounds for his summary judgment motion, Petitioner contends that he is

---

[1] Although Petitioner has filed a notice of interlocutory appeal in this case, *see* Dkt. No. 15, he has not identified any order that he seeks to appeal. Because the Court has not issued any appealable order in this case, the notice of appeal does not divest this Court of jurisdiction. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989).

entitled to judgment as a matter of law because his constitutional rights were violated in connection with his 1998 conviction. *See* Dkt. No. 14. On January 29, 2013, Respondent was directed to file a preliminary response within 60 days. *See* Dkt. No. 9. The purpose of this preliminary response is to assist the Court in determining whether Petitioner's federal habeas petition is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. The Court will not consider the merits of Petitioner's habeas petition until the issue of limitations is addressed. Accordingly, Petitioner's motion for summary judgment [Dkt. No. 14] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: March 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE