IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUTBERTO CARRENO CASTANEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-80-M-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Cutberto Carreno Castaneda, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

Petitioner was convicted of possession with intent to deliver heroin and sentenced to 75 years confinement.[1] His conviction and sentence were affirmed on direct appeal. *See Castaneda v. State,* No. 05-99-00123-CR, 2000 WL 792391 (Tex. App. – Dallas, June 21, 2000). Petitioner then filed an application for state post-conviction

---

[1] On the same date, Petitioner was also convicted of possession with intent to deliver cocaine, for which he was sentenced to a term of 45 years imprisonment. His 28 U.S.C. § 2254 application challenging that conviction was transferred to the United States Court of Appeals for the Fifth Circuit as successive, and the Court of Appeals has denied Petitioner authorization to file a successive Section 2254 application. *See Castaneda v. Thaler,* No. 3:13-cv-81-B (N.D. Tex. Feb. 15, 2013), Dkt. Nos. 25, 26, & 41; *see also In re Castaneda,* No. 13-10178 (5th Cir. May 1, 2013).

relief alleging that his attorney failed to protect his right to file a petition for discretionary review. The Texas Court of Criminal Appeals granted the writ and allowed Petitioner to file an out-of-time appeal. *See Ex parte Castaneda,* WR-51,326-02 (Tex. Crim. App. Mar. 6, 2002). Thereafter, Petitioner filed a petition for discretionary review, which was refused. *See Castaneda v. State,* No. 600-02 (Tex. Crim. App. Aug. 21, 2002). Petitioner then filed a second application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *See Ex parte Castaneda,* WR-51,326-03 (Tex. Crim. App. Nov. 26, 2003). On or about December 31, 2012, Petitioner filed this federal habeas application challenging his 1998 heroin conviction.

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 24. Petitioner addressed the limitations issue in his habeas petition and in a reply brief filed on April 24, 2013. *See* Dkt. Nos. 3 & 36.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

## Analysis

Petitioner was sentenced to 75 years confinement for possession with intent to deliver heroin. He was permitted leave to file an out-of-time petition for discretionary review ("PDR"), and the subsequent PDR was refused by the Texas Court of Criminal Appeals on August 21, 2002. Because Petitioner did not seek a writ of certiorari, his conviction became final for limitations purposes 90 days thereafter, on November 19, 2002. *See Jimenez v. Quarterman,* 555 U.S. 113, 120 (2009) (the state court's grant of right to file out-of-time direct appeal resets date when conviction becomes "final" under AEDPA); *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the

United States Supreme Court). Petitioner then filed an application for state post-conviction relief on or about August 8, 2003. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied without written order on the findings of the trial court on November 26, 2003. Petitioner filed this action in federal court on or about December 31, 2012.[2]

The AEDPA statute of limitations started to run on November 19, 2002, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from August 8, 2003 until November 26, 2003 – a total of 111 days – while his state writ was pending. Even allowing for this tolling period, Petitioner filed his federal writ nearly nine years after the expiration of the one-year statute of limitations.

In an attempt to excuse this delay, Petitioner argues that he received ineffective assistance of appellate counsel, he was ignorant of the law, and "newly discovered evidence" establishes that he is actually innocent of the offense of conviction. *See* Dkt. No. 3 at 9; Dkt. No. 36 at 1-5. Petitioner's claim of ineffective assistance of counsel does not support equitable tolling because the limitations period did not begin until his conviction became final. At that point, Petitioner was no longer entitled to counsel, and he filed his habeas petitions *pro se. See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the tolling decision because

---

[2] Petitioner's habeas application indicates that he placed it in the prison mail system on December 31, 2012. *See* Dkt. No. 3 at 10. Respondent provides evidence that Petitioner submitted the petition to prison authorities two days later, on January 2, 2013. *See* Dkt. No. 24-2 at 4.

a prisoner has no right to counsel during post-conviction proceedings"). The United States Court of Appeals for the Fifth Circuit has repeatedly held that lack of knowledge or ignorance of the law does not justify equitable tolling of the AEDPA statute of limitations. *See Flores v. Quarterman,* 467 F.3d 484, 486 (5th Cir. 2006).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 (2013). However the "newly discovered evidence" that Petitioner appears to cite – excerpts from his trial transcript, a receipt establishing that he was employed in October 1997, and the December 14, 2001 affidavit of his trial counsel presented in the state habeas challenge to his cocaine conviction, *see* Dkt. No. 3 at 36; Dkt. No. 36 – does not present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329). Nor do these documents constitute "new" evidence that was discovered after the limitations period had expired.

Consequently, Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations and Petitioner has not established actual innocence in order to overcome the limitations bar.

**Recommendation**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE